THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JERRY A. KISS, Defendant-Appellee.

Fifth District   No. 5—83—0246

Opinion filed March 2, 1984.

John R. Clemons, State's Attorney, of Murphysboro (Stephen E. Norris and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

No brief filed for appellee.

JUSTICE JONES delivered the opinion of the court:

This case involves a State appeal following an implied consent hearing in which the trial court refused to suspend the defendant's driver's license for failure to submit to a breath test as requested. The basis of the trial court's ruling was that since the applicable statute (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501) permits the chemical analysis of both blood and urine, in addition to breath analysis, to determine a person's blood-alcohol content, a motorist arrested for driving while under the influence of alcohol must be allowed the opportunity to refuse each of these three types of tests before he can be said to have refused to submit to a test for purposes of the statute. Since, in the instant case, the defendant was offered and refused only the breath test, the trial court held that the requirements of the statute had not been met so as to warrant the suspension of the defendant's license. We reverse.

The defendant was arrested on December 24, 1982, for driving while under the influence of alcohol. The arresting officer subsequently filed an affidavit pursuant to statute (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1), stating that the defendant had refused "to submit to the chemical test or tests requested in accordance with Section 11—501.1 of the Illinois Vehicle Code, after being informed of the possible consequences of [his] refusal." The defendant filed a request for an implied consent hearing. On February 18, 1983, the defendant entered a plea of guilty to the offense of driving while under the influence of alcohol and was placed on supervision for a period of 12 months and ordered to pay a fine of $400.

At the implied consent hearing held on March 9, 1983, Trooper David Mileur testified that he had been called to the Jackson County

Sheriff's Department on the date in question to administer a breathalyzer test to the defendant. Prior to administering the test Trooper Mileur read a card to the defendant advising him of the penalties for refusing to take the test. The defendant indicated that he did not wish to take the test, and none was given.

On cross-examination defense counsel asked Trooper Mileur if he had requested the defendant to submit to a blood or urine analysis, and Mileur replied that he had not. Mileur stated that "he [the defendant] wasn't going to take any test is the way he put it [sic]." On redirect Trooper Mileur testified that the defendant had not requested any other tests.

The defendant presented no evidence, and, following argument by counsel, the trial court found (1) that the defendant was arrested for driving while under the influence of alcohol and (2) that there was probable cause for his arrest. The trial court additionally found that the defendant had refused to take a breath test. The court held, however, that this was not sufficient to warrant the suspension of the defendant's license, reasoning as follows:

"[P]rior to January 1, 1982, the statute [Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1] specifically said that you impliedly consent to take a test of chemical analysis, analysis of breath only [sic]. The statute now reads, tests of blood, breath, or urine, and the way that is listed one, two, or [sic] indicates to me that they are in the alternative, one of the three, and I think there are three tests that you impliedly consent to. There is no question in my mind that [the defendant] refused to take a breath test, but the legislature said there are three. He was not asked to nor did he refuse to take either a blood test or a urinalysis, and based upon the statute as it now reads, this conviction was after January 1, 1982, I am going to find that he did not refuse to take the test."

On appeal from the trial court's ruling, the State contends that the court's interpretation of the statute contradicts both the language and the purpose of the statute. The statute provides, in pertinent part:

"Suspension of drivers license—Implied consent. (a) Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent, subject to the provisions of Section 11—501.2, to *a chemical test or tests of blood, breath, or urine* for the purpose of determining the alcohol, other drug, or combination thereof content of such person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as defined in Section 11-501 or a similar provision of a local ordinance. *The*

*test or tests shall be administered at the direction of the arresting officer. The law enforcement agency employing said officer shall designate which of the aforesaid tests shall be administered by their enforcement personnel.*

\* \* \*

(c) A person requested to submit to *a test* as provided above shall be warned by the law enforcement officer requesting the test that *a refusal to submit to the test* will result in suspension of such person's license to operate a motor vehicle for six (6) months for the first such arrest and refusal and a suspension of such privilege for 12 months for the second and each subsequent such arrest and refusal within 5 years. Following this warning, if a person under arrest refuses upon the request of a law enforcement officer to submit to *a test designated by the law enforcement agency* as provided in paragraph (a) of this Section, none shall be given, but the law enforcement officer shall file with the clerk of the circuit court for the county in which the arrest was made, a sworn statement naming the person refusing to take and complete *the test or tests* requested under the provisions of this Section." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1.

The issue here presented of whether, under the implied consent statute as amended (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1), a motorist must be allowed to choose among the three specified types of blood-alcohol tests is, so far as we are aware, one of first impression in this State. In dealing with this issue, it is necessary to determine what constitutes a "refusal" for purposes of the statute.

While, as the trial court noted, a motorist under the statute impliedly consents to all three types of blood-alcohol tests, it is faulty logic to conclude from this that the statute requires a refusal of each type of test. Rather, the statute explicitly states that a person requested to submit to "a test" authorized by statute shall be warned that "a refusal to submit to the test" will result in suspension of that person's driving privileges. Moreover, such a test is to be administered at the direction of the arresting officer, and the law enforcement agency employing that officer is to designate which of the enumerated tests shall be administered. It is the plain meaning of the statute, therefore, that a motorist is deemed to have consented to any or all of the tests which, in the discretion of the law enforcement agency, he is requested to take, and a refusal to submit to any one of these tests upon request constitutes a refusal for purposes of the statute.

This reading of the statute is not only evident from the language of

the statute but is also consistent with the statutory purpose of enabling law enforcement officers to obtain objective evidence of an offender's blood-alcohol content while preserving his due process rights. (See *People v. Malloy* (1980), 83 Ill. App. 3d 344, 403 N.E.2d 1221.) The statutory amendment referred to by the trial court allowing blood and urine tests in addition to the breath test provided under the former statute (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1) was designed to facilitate enforcement of the Illinois law against driving while under the influence of alcohol (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501). (See Comment, *Drunk Drivers Versus Implied Consent: A Sobering New Illinois Statute*, 15 J. Mar. L. Rev. 479 (1982).) Indeed, the addition of the new tests reflect the fact that intoxicated drivers often end up in a hospital, where blood and urine tests are more conveniently performed. Also, the provision authorizing blood tests was made necessary by another amendment that removed the ban against testing the blood-alcohol content of a dead or unconscious person (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(b)).

From an examination of the statute, we find no indication that the legislature's addition of permissible means of determining blood-alcohol content was meant to provide the offending motorist with a choice of the types of tests specified. Such an interpretation would actually enable an offender to defeat the purpose of the statute by demanding a test that was unavailable and would, at the same time, fail to advance the offender's due process rights. (A person tested may, under section 11—501.2(a)(3) (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(a)(3)), secure an additional test or tests by a qualified person of his own choosing.) We hold, therefore, that the defendant's refusal in the instant case to submit to a breath test upon request by the officer in question was sufficient to constitute a refusal for purposes of the statute.

For the reasons stated in this opinion, we reverse the judgment of the circuit court of Jackson County and remand this cause with directions to make a finding that the defendant refused to submit to a test upon request and to enter a supplemental order reflecting this finding.

Reversed and remanded with directions.

WELCH, P.J., and HARRISON, J., concur.