THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
RONALD GREENSPON, Defendant-Appellee.

First District (5th Division)   No. 83—2421

Opinion filed November 21, 1984.—Rehearing denied January 25, 1985.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Cuomo, and Mary Ann Sullivan, Assistant State's Attorneys, of counsel), for the People.

Louis S. Elovitz, of Rotman, Medansky & Elovitz, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendant, Ronald Greenspon, was charged with driving under the influence of alcohol (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1), and he requested an implied-consent hearing. Thereafter the trial court determined that there was no probable cause for arresting defendant for driving under the influence of alcohol. On appeal, the State contends that the trial court's determination that there was no probable cause to arrest defendant and that he had a right to select the kind of chemical test law enforcement officials could administer to him to determine the presence of alcohol was manifestly erroneous.

Officer Tim Russo testified that at 9 p.m. on February 4, 1983, he received a radio assignment to investigate a vehicle on railroad tracks at Lincoln and Lehigh in Morton Grove. When he arrived on the scene, he observed defendant 100 feet away from the nearest roadway, driving a vehicle northbound on railroad tracks which were straddled by the wheels of the car. The officer walked to defendant's vehicle and ordered him to turn off the ignition and step outside the car. When defendant stepped from the car, the officer detected that defendant smelled of alcohol, that he spoke in a thick, slurred manner and that his eyes were bloodshot. The officer assisted defendant to walk as defendant stumbled to the squad car.

After the officer transported defendant to the police station, he advised him of the implied-consent warnings, and gave defendant his *Miranda* rights, then asked him to take a breathalyzer test. Defend-

ant refused and asked if he could telephone his attorney. Thereafter, defendant called his attorney.

Defendant testified that at 9 p.m. on February 4, 1983, he was near railroad tracks at Lehigh and Lincoln in Morton Grove. He was proceeding home from an athletic club in Chicago where he had drunk a glass of brandy upon developing an upset stomach.

According to defendant, he drove to the Kennedy Expressway, exited at Irving Park, proceeded to Central and the intersection of Lincoln and Lehigh, where he made a right turn westbound off the pavement. When he attempted to back up, he was unsuccessful and became lodged on railroad property approximately six feet away from the road.

Since he could not back off the tracks, he proceeded forward. It was then that Officer Russo arrived and transported him to the station. There, the officer told him that he was under arrest for driving while intoxicated and asked him to take a breathalyzer test.

Defendant then asked if he could call his attorney. When the officer permitted him to do so, defendant's attorney advised defendant not to take the breathalyzer because it was inaccurate. Defendant added that he twice asked the officer if he could take a blood test but the officer refused his request.

The State now contends that the evidence was sufficient to show that the officer had probable cause to arrest defendant for driving while under the influence of alcohol and that the trial court's determination that defendant had the right to select which sobriety test should be administered to him was erroneous. The defendant concedes that he did not have the right to select the form of the test to be administered, but asserts that the State failed to prove that he refused to consent to the breathalyzer test.

■■■ The purposes of an implied-consent hearing are to determine whether an arrestee refused to submit to a breathalyzer test after being arrested for driving while under the influence of alcohol and whether the arresting officer had reasonable grounds to believe the arrestee was driving under the influence of alcohol to make the arrest lawful. (*People v. Babych* (1983), 112 Ill. App. 3d 704, 445 N.E.2d 921.) The burden of proof placed upon the State is the preponderance of the evidence standard applicable to civil proceedings. (*People v. Golden* (1983), 117 Ill. App. 3d 150, 453 N.E.2d 15.) The determination of whether an officer has sufficient information on which to properly act is based upon all of the facts and circumstances of each case in a manner which is not unduly technical. (*People v. Bafia* (1983), 112 Ill. App. 3d 710, 447 N.E.2d 1065.) A finding in favor of defendant

will be reversed on review if contrary to the manifest weight of the evidence. *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278.

A person arrested for driving under the influence of alcohol does not have a right to refuse to take a breathalyzer test. (*Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 459 N.E.2d 651.) An initial refusal to submit to an intoxication test cannot be cured by a subsequent consent even if given several minutes later. (*People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459.) Further, a motorist is deemed to have consented to any or all of the tests which, in the discretion of the law enforcement agency, he is requested to take, and refusal to submit to any one of these tests upon request constitutes a refusal for purposes of the statute. See *People v. Kiss* (1984), 122 Ill. App. 3d 1056, 462 N.E.2d 546.

Our review of the record discloses that after the arresting officer transported defendant to the police station and provided the proper admonishments, he asked defendant to take the breathalyzer test. While the officer testified that defendant refused to take the breathalyzer test and asked to telephone his attorney, defendant testified that he asked to take a blood test because when he made the telephone call, his attorney stated that the breathalyzer was inaccurate. The trial court, upon entering its finding that there was no probable cause to arrest defendant for driving under the influence of alcohol, concluded that defendant had the right to select the kind of sobriety test law enforcement authorities administer to him and that his refusal to take the breathalyzer was not improper.

We disagree with this ruling. First, the evidence was sufficient to establish that there was probable cause to arrest defendant for driving while under the influence of alcohol. The officer observed him driving an automobile on railroad tracks with the wheels of his vehicle straddling the rails. When the officer confronted him, defendant's eyes were bloodshot, his speech was slurred and he smelled of alcohol. Once he exited his automobile, he was unable to walk except with the assistance of the officer. This undisputed testimony constituted a reasonable ground for defendant's arrest.

Further, his refusal to comply with the officer's request to take the breathalyzer test constituted a refusal to take any of the sobriety tests. A contrary determination would allow an offender to defeat the purpose of the statute by demanding a test that was unavailable and would, concomitantly, fail to advance the offender's due process rights. See *People v. Kiss* (1984), 122 Ill. App. 3d 1056, 462 N.E.2d 546.

For the reasons stated, we conclude that the evidence was sufficient to establish that there was probable cause to arrest defendant and that the trial court's determination that the defendant had the right to select the kind of sobriety test law officials may administer was manifestly erroneous.

Accordingly, the order entered by the circuit court of Cook County is reversed and the matter is remanded for further proceedings.

Reversed and remanded.

MEJDA, P.J., and SULLIVAN, J., concur.