THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
. RONALD L. MARKS, Defendant-Appellant.

Third District   No. 3—85—0182

. Opinion filed December 10, 1985.

G. Trent Marquis, of Marquis, Bonnet & Skorepa, of Rock Island, for appellant.

Stephen G. Andich, Special City Prosecutor for the City of Moline, of Arndt, Schubert, Andich, Williams & Schick, of Rock Island, for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Ronald L. Marks, had his driving privileges suspended following an implied consent hearing on his failure to submit to a breath-analysis test. He appeals from that suspension, arguing that the State failed to present sufficient evidence that there were reasonable grounds for his arrest. We reverse.

The defendant was arrested for driving under the influence of intoxicating alcohol (DUI) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501), at 12:02 a.m. on September 17, 1984. According to the parties' stipulation under Supreme Court Rule 323(d) (87 Ill. 2d R. 323(d)), the following facts emerged from the defendant's implied consent hearing. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.) On the night of the arrest, the arresting officer observed the defendant driving and followed him in belief that the defendant's driver's license was suspended. The officer saw the defendant drive over a center line, stop at a red traffic signal light, then turn right from the left-turn lane when the light turned green. Following that turn, the defendant drove in the center and in the left-hand land of a two-lane street without lane markings.

After the officer received radio communication that the defendant's license was in good standing, the officer pulled over the defendant. The officer approached the defendant's car and told the defendant he was under arrest for DUI. The officer then transported the defendant to the police station. There, the defendant refused to take a breath-analysis test until his witness arrived. The officer treated that as a refusal and declined to allow the defendant to take the test when his witness arrived in approximately 10 minutes.

According to the defendant's testimony on his own behalf, he is familiar with the street on which he was arrested. At the arrest site, he was several blocks from his residence and traveling in the direction of the residence. The defendant testified that as there commonly are pedestrians on either side of the arrest street, it is not unusual for vehicles to drive, as he was prior to his arrest, in the center of the roadway when there is no oncoming traffic.

Following the hearing, the trial court found that the defendant was arrested for DUI, with reasonable cause for the arrest. The court also found that the defendant was requested but refused to take a breath analysis test. The court then ordered the defendant's drivers

license suspended under section 11—501.1 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.) The defendant brought the instant appeal.

On appeal, the defendant argues that there was insufficient evidence to support the trial court's finding that reasonable grounds existed to arrest him for DUI. The State, in response, argues that the trial court's finding of probable cause was supported by the evidence of the defendant's erratic driving and traffic violations after midnight and by the officer's belief that the defendant's license was suspended.

In an implied consent hearing, a defendant may challenge whether the arresting officer had reasonable grounds to believe that the driver was driving under the influence of alcohol or drugs. (*People v. Greenspon* (1984), 129 Ill. App. 3d 849, 473 N.E.2d 331.) In this context, "reasonable grounds" is synonymous with "probable cause." It is present where the facts and circumstances known to the arresting officer are sufficient to warrant a person of reasonable caution to believe the offense has been committed. (*People v. Bafia* (1983), 112 Ill. App. 3d 710, 445 N.E.2d 878.) On appeal, we will not disturb a finding of reasonable grounds unless it is contrary to the manifest weight of the evidence. *People v. Greenspon* (1984), 129 Ill. App. 3d 849, 473 N.E.2d 331.

The stipulated facts before us show that before the DUI arrest, the arresting officer observed only that the defendant, whom he initially thought might have a suspended driver's license, committed several traffic violations shortly after midnight. The stipulated facts do not include observations of weaving or similar out-of-control driving by the defendant. Further, the stipulated facts give no indication that after stopping the defendant and before arresting the defendant, the officer spoke with the defendant or observed any factor, for example in the defendant's appearance or behavior, which might have indicated the defendant's intoxication.

The State does not argue, and we do not find, that probable cause to arrest for DUI was based in part upon the defendant's reported post-arrest statement that he had taken three pain pills and drunk three beers plus one shot of whiskey. Additionally, the State presents no authority supporting substantial probable cause consideration of the arresting officer's mistaken belief that the defendant's driver's license was suspended. Consequently, as the stipulated facts suggest that the defendant's left-lane driving on the arrest street was explainable by the nature of the street and the absence of other traffic, we find that the State's claim of probable cause must rest primarily upon the defendant's right turn from the left-turn lane.

■ We know of no authority finding probable cause on facts as few as those before us. Although the facts and circumstances here supported the officer's traffic stop of the defendant, and although we certainly do not endorse the defendant's instant behavior, we find that the court improperly found probable cause for the DUI arrest. Consequently, we must reverse the judgment of the circuit court of Rock Island County as against the manifest weight of the evidence.

Reversed.

SCOTT and WOMBACHER, JJ., concur.