THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ROBERT E. ELLEDGE, Defendant-Appellee.
Third District   No. 3—85—0545

Opinion filed June 19, 1986.

Raymond Kimbell II, State's Attorney, of Galesburg (John X. Breslin
and Terry A. Mertel, both of State's Attorneys Appellate Service Commis-
sion, of counsel), for the People.

Bill Butts, of Galesburg, for appellee.

JUSTICE STOUDER delivered the opinion of the court:
The State brings the instant appeal from the trial court's finding
in an "implied consent" hearing that the defendant, Robert E.
Elledge, did not refuse a chemical blood-alcohol test, as refusal was
contemplated by Section 11—501.1 of the Illinois Vehicle Code (the
Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1). We affirm.
According to the certified report of proceedings (87 Ill. 2d R.
323(c)), the defendant was arrested for driving under the influence of
alcohol (DUI) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501). The arrest-
ing State police officer asked the defendant to submit to a chemical
breath test for blood-alcohol content. The defendant refused to take
the breath test but requested the officer to take him to obtain a blood
test for blood-alcohol content. According both to the officer and to the

defendant, the defendant requested a blood test believing such tests to be more accurate than breath tests. The officer advised the defendant that he could take a blood test at his own expense. The defendant agreed.

The officer took the defendant to the Public Safety Building for processing. For no apparent reason, however, the officer never arranged for the blood test.

The trial court found that the defendant was properly arrested for DUI; that the defendant refused to submit to a breath test, believing that he would be allowed to take a more accurate blood test; and that no blood test was administered. Accordingly, the court found no statutory refusal under section 11—501.1 of the Code.

The State brought the instant appeal, arguing that the defendant's refusal of a breathalyzer and request for a blood test constituted a refusal under section 11—501.1. The defendant distinguishes all the State's cited authority and argues that because he specifically requested a blood test and because the evidence suggests that a blood test was authorized by the Illinois State police, he did not refuse a chemical test, as refusal is contemplated by the Code.

Section 11—501.1 of the Code provides, in relevant part, that any person driving in Illinois "shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining [the driver's blood-alcohol content upon his arrest for DUI] ***. The test or tests shall be administered at the direction of the arresting officer. The law enforcement agency employing said officer shall designate which of the aforesaid tests shall be administered." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(a).) Refusal of a blood-alcohol test under this section is grounds for suspension of the refusing driver's driving privileges. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(c).

■ In recent cases cited by the State, Illinois courts have held that the State is not obligated under section 11—501.1 to give a defendant a blood or urine test where the defendant is incapable of refusing the breath test requested and authorized under that same section (*People v. Porretta* (1984), 127 Ill. App. 3d 572, 469 N.E.2d 314); that a defendant is not entitled to a choice of section 11—501.1 blood-alcohol tests (*People v. Kiss* (1984), 122 Ill. App. 3d 1056, 462 N.E.2d 546); and that the defendant's refusal of the one test requested by an arresting officer, even where the law enforcement agency employing the arresting officer has empowered its officers to administer all three of the tests enumerated by section 11—501.1, constitutes statutory refusal (*People v. Kaegebein* (1985), 137 Ill. App.

3d 837; see also *People v. Greenspon* (1984), 129 Ill. App. 3d 849, 473 N.E.2d 331). Courts have also held that the "implied consent" statute should be liberally construed to accomplish the purpose of protecting persons upon Illinois highways. (See *People v. Myers* (1985), 130 Ill. App. 3d 681, 474 N.E.2d 923.) A finding for a defendant in an implied-consent proceeding will be reversed on review if it is contrary to the manifest weight of the evidence. *People v. Greenspon* (1984), 129 Ill. App. 3d 849, 473 N.E.2d 331.

We agree with the defendant that the instant facts are distinct from any of those presented us by the State. Here, unlike in *Porretta*, given the arresting officer's testimony and no evidence to the contrary, we must presume that the officer's employing law enforcement agency had designated under section 11—501.1(a) that a blood test might be administered when a DUI defendant requested and agreed to pay for such a test. Further, here, unlike in *Kaegebein, Kiss*, and *Greenspon*, at the time of his arrest, the defendant made a specific request for a blood test, and the officer acknowledged availability of a blood test upon certain conditions.

■ This is not a case where the defendant demanded a form of test either not offered to him by his arresting officer or not authorized by the officer's employing law enforcement agency. Neither is this a case where the defendant relies upon an assertion that the State should have accommodated circumstances by arranging a blood or urine test on its own initiative. Rather, in this case, at the time of his arrest the defendant made a specific request for a blood test. In response, the arresting officer apparently offered the defendant a blood test on conditions to which the defendant agreed. However, thereafter the officer failed to follow his offer by delivering the defendant to complete the authorized, offered, and accepted chemical test. On these narrow facts, we do not find the ruling of the trial court against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

SCOTT, P.J., and WOMBACHER, J., concur.