THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BARRY D. BATES, Defendant-Appellant.

Fourth District   No. 4—87—0349

Opinion filed November 19, 1987.—Rehearing denied February 22, 1988.

Gary J. Stokes, of Georgetown, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle,
Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys
Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

The Secretary of State summarily suspended the driver's license of defendant, Barry D. Bates. On March 31, 1987, defendant filed a petition in the circuit court of Vermilion County seeking to rescind the suspension of his license. After an evidentiary hearing, the circuit court entered an order on May 11, 1987, denying the petition. Defendant now appeals from that decision. We affirm.

Section 11—501.1 of the Illinois Vehicle Code provides "that a refusal to submit to [a breathalyzer] test will result in the statutory summary suspension of such person's privilege to operate a motor vehicle." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1.) Upon suspension, section 2—118.1 of the Illinois Vehicle Code grants a driver whose driving privileges have been summarily suspended the opportunity for a hearing to determine whether grounds for a continuation of the suspension exists. Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1.

The evidence at the hearing in this matter revealed that on March 22, 1987, an Illinois State trooper arrested defendant for driving under the influence of alcohol. The trooper then took him to the Danville Public Safety Building, where he agreed to undergo a breathalyzer test.

As disclosed by the testimony, the trooper then instructed defendant on how to properly use the breathalyzer machine. He attempted several times to take the test. However, on each attempt, defendant failed to provide a sufficient amount of air so that the machine could produce an accurate reading. Although the trooper testified that defendant appeared to be blowing, he stated the machine at no point during the testing emitted a six-second tone to indicate the test had been successfully completed. The trooper also said the machine ejected a printout which showed a blood-alcohol level of .17 but was labelled "deficient sample."

The thrust of defendant's testimony was that he tried very hard to follow the officer's instructions and blow as hard as he could into the tube.

Defendant's main issue on appeal is whether the evidence presented at the circuit court hearing sufficiently established that he refused the breathalyzer test. More specifically, he questions the ability of a machine to measure compliance, in general, and the condition of the machine which tested him, in particular.

■ The scope of a hearing held pursuant to section 2—118.1 of the Illinois Vehicle Code noted previously is limited. However, one potential issue for the court is that raised here: namely, whether the alleged driver refused to take or complete a test to determine alcohol

concentration. At such hearing, the driver bears both the burden of proof and the burden to proceed. *People v. Blythe* (1987), 153 Ill. App. 3d 292, 505 N.E.2d 96.

■■ ■ Here, the evidence presented at the hearing established that defendant verbally agreed to take the test. Nonverbal conduct following consent can be tantamount to a refusal to undergo testing, however. (*People v. Doherty* (1986), 144 Ill. App. 3d 400, 494 N.E.2d 933; *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459.) As long as the machine is in proper working condition, and a defendant is physically capable of taking the test, his failure to provide the breathalyzer machine with an adequate air sample has been treated as a sufficient basis for a determination that a defendant refused to take the test. *Woolman v. Department of Motor Vehicles* (1976), 15 Wash. App. 115, 547 P.2d 293; *Poag v. Powell* (1979), 39 N.C. App. 363, 250 S.E.2d 93.

■■ The condition of the breathalyzer machine was not an issue raised by the defendant at the summary suspension hearing here, but it could have been. (See *People v. Hamilton* (1987), 118 Ill. 2d 153.) Even so, none of the evidence indicated it was malfunctioning. In fact, results of earlier certification testing showed no deviations from standards as set out by the Illinois Department of Public Health. When the existence of a condition is in question, prior existence of that condition indicates a probability of its continuation at a later time. *Petersen v. General Rug & Carpet Cleaners, Inc.* (1947), 333 Ill. App. 47, 77 N.E.2d 58.

■■ Under the applicable authority, we conclude that under the foregoing evidence the circuit court's determination that defendant failed to successfully complete the breathalyzer test was not contrary to the manifest weight of the evidence. (*Village of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1, 426 N.E.2d 824.) Despite the trooper's testimony that this particular defendant appeared to be blowing into the machine, we recognize feigning compliance would not be difficult.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SPITZ, P.J., and KNECHT, J., concur.