THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN D. RHOADES, Defendant-Appellee.

Fourth District   No. 4—88—0617

Opinion filed February 23, 1989.—Rehearing denied March 30, 1989.

Vince Moreth, State's Attorney, of Carlinville (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE LUND delivered the opinion of the court:

Defendant's driver's license was suspended pursuant to section 11—501.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). Defendant filed a petition to rescind summary suspension pursuant to section 2—118.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1). The circuit court of Macoupin County granted the petition and ordered the clerk of the court to notify the Secretary of State of the rescission. The State appeals.

The appellee has filed no brief in this court. However, the record is simple, and the claimed error may be decided on the merits without the assistance of such brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

Defendant was arrested for driving under the influence of alcohol following a one-car collision, which occurred in the early morning hours of May 26, 1988. At the hearing on the petition to rescind, the arresting officer, Don Albrecht, was called as an adverse witness for defendant. He testified that while on duty, at approximately 1:20 a.m., he heard a collision and went to investigate. Approximately 1½ blocks north of Officer Albrecht's location, Albrecht found defendant standing outside a vehicle in a parking lot. The vehicle had damage on one side. In conversation, defendant told Albrecht that he had hit a utility pole several blocks away and had stopped in the parking lot to examine the damage. Albrecht noticed an odor of alcohol about defendant and administered the horizontal gaze nystagmus test. The officer testified defendant failed the test and was placed under arrest for driving under the influence of alcohol. Defendant was placed in the police vehicle, and they drove to the utility pole, which showed evidence of damage. Albrecht and defendant then drove to the police station where Albrecht began processing defendant for the alcohol-related offense. Officer Albrecht was called away to answer a burglar alarm, but he returned some 20 minutes later. Albrecht finished processing defendant. As part of this process, defendant was asked to take the breathalyzer test. He agreed, and Albrecht stated he administered the test several times.

Defendant also testified on his own behalf. He corroborated Al-

brecht's testimony in most respects. As to the breathalyzer test, defendant testified he blew into the machine but was told he was not blowing hard enough. The machine indicated a foreign substance was in defendant's mouth. The test was administered again with the same result. Another officer appeared and examined defendant's mouth. The test was administered a third time, and the machine again indicated the presence of a foreign substance. Defendant stated he was then taken to jail. Defendant rested his case.

The State moved for a directed verdict. The trial court denied the motion, but stated the only issue in contest was whether defendant refused to complete an alcohol test.

The State recalled Officer Albrecht as its only witness. Albrecht stated he followed the standard procedure for administering the breathalyzer test. After the first attempt, the machine registered mouth alcohol, meaning defendant had burped alcohol into the mouthpiece. The test was twice readministered. The other tests simply indicated the presence of a foreign substance. Albrecht was unable to determine the nature of the foreign substance. Following the third attempt, Albrecht asked defendant to submit to a blood test. The officer informed defendant that a refusal to take the blood test was a refusal to comply with the Code and would result in a suspension of defendant's driving privileges. However, defendant refused the blood test. The court determined there was no refusal to take the appropriate tests and granted defendant's petition to rescind his summary suspension.

■■ ■ On appeal, the State argues the court erred in finding defendant had made no refusal to take the proper tests. We agree. Under certain circumstances, it is permissible to require a defendant to undergo multiple tests. (*People v. Klyczek* (1987), 162 Ill. App. 3d 557, 561, 516 N.E.2d 783, 786.) In this case, the breathalyzer test samples were inconclusive. We have previously held that a failure to give a proper breath sample may constitute a refusal under the Code. (*People v. Bates* (1987), 165 Ill. App. 3d 80, 82, 518 N.E.2d 628, 630.) While the circumstances surrounding defendant's inability to register an adequate breath sample are suspicious, we need not rest our decision on that ground. It was clearly reasonable to require defendant to submit to a blood test following the failure to get a conclusive result from the breathalyzer machine. Without the ability to obtain a second test, a defendant may be able to circumvent the statutory summary suspension process by wilfully fouling the breathalyzer machine. Defendant's refusal to take the blood test warranted the suspension of his driver's license.

For the reasons stated above, the order of the circuit court of Macoupin County is reversed and the cause is remanded to the circuit court for further proceedings in conformity with this order.

Reversed and remanded.

McCULLOUGH, P.J., and SPITZ, J., concur.