THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ZDZISLAW KUBICA, Defendant-Appellee.

First District (3rd Division)   No. 1—87—1849

Opinion filed March 1, 1989.

342

Richard M. Daley, State's Attorney, of Chicago (Kenneth T. McCurry, Paula Carstensen, and Nancy Nolan Colletti, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

JUSTICE RIZZI delivered the opinion of the court:

The State of Illinois appeals an order of the circuit court of Cook County which rescinded the statutory summary suspension of defendant Zdzislaw Kubica's driving privileges. On appeal, the State argues that rescission of defendant's statutory summary suspension was not warranted under the circumstances. We reverse and remand.

On November 26, 1986, defendant was arrested on suspicion of driving under the influence of alcohol. When the police stopped defendant, he was asked to submit to a sobriety test. Defendant refused the test. When defendant refused the test, his driving privileges were summarily suspended pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1).

The arresting officer completed a law enforcement sworn report (Report) wherein he identified the reason for the suspension as well as the reasonable grounds upon which he believed defendant had violated section 11—501. The officer signed the Report, wrote his star number on the Report and gave a copy to defendant.

On January 5, 1987, defendant petitioned the court to rescind the statutory summary suspension of his driving privileges. Pursuant to the statute, an implied consent hearing was scheduled. At the hearing, defendant moved to dismiss, claiming that the Report was not sworn to under oath by the arresting officer. The trial court then rescinded the suspension of defendant's driving privileges based upon its decision that the arresting officer's signature on the Report was illegible. This appeal followed.

■ We initially note that a hearing on rescission of the statutory summary suspension of one's driving privileges is a civil proceeding separate and distinct from a criminal prosecution for driving under the influence of alcohol. Therefore, the State has the right to appeal an adverse ruling such as the one here before this court. *People v. Porretta* (1984), 127 Ill. App. 3d 572, 574, 469 N.E.2d 314, 316.

■ Section 2—118.1, which authorizes implied consent hearings, reads in part:

"The scope of the hearing shall be limited to the issues of:

1. Whether the person was placed under arrest for an offense as defined in Section 11—501, or a similar provision of a local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket; and

2. Whether the arresting officer had reasonable grounds to believe that such person was driving or in actual physical control of a motor vehicle upon a highway while under the influence of alcohol, other drug, or combination thereof; and

3. Whether such person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to and complete the test or tests, did refuse to submit to or complete such test or tests to determine the person's alcohol or drug concentration; or

4. Whether the person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person submits to a chemical test, or tests, and such test discloses an alcohol concentration of 0.10 or more, and such person did submit to and complete such test or tests which determined an alcohol concentration of 0.10 or

more." Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1.

The State thus argues that the trial court's order rescinding the statutory summary suspension of defendant's driving privileges was in error because it resulted from the trial court's finding that the police officer's signature on the Report was illegible, an issue improperly raised at the implied consent hearing.

The issue raised in this appeal by the State was addressed in the recent decision of *People v. Badoud* (1988), 122 Ill. 2d 50, 521 N.E.2d 884. In *Badoud*, the Illinois Supreme Court equated a sworn report in a summary suspension hearing with a complaint in an ordinary civil proceeding. A hearing under section 2—118.1 is to proceed in the same manner as a hearing in any other civil proceeding. Thus, the supreme court concluded that the trial court can, in a section 2—118.1 hearing, consider whether an officer's report is sworn. (122 Ill. 2d at 54, 521 N.E.2d at 886.) The court went on to hold that, in light of legislative intent and the seriousness of the public hazard that summary suspension legislation addresses, "the General Assembly intended an officer's good-faith failure to initially swear to the report to be curable." 122 Ill. 2d at 59, 521 N.E.2d at 888-89.

In the instant case, defendant's summary suspension was rescinded because the officer's handwriting was found illegible by the court. In light of the holding in *Badoud*, we find that the trial court erred in not allowing the State to cure any defect in the Report caused by its determination that the officer's handwriting was illegible.

Accordingly, the order of the trial court is reversed, and this cause is remanded with directions that the suspension of defendant's driving privileges be reinstated and a hearing be held consistent with this opinion.

Reversed and remanded.

FREEMAN, P.J., and WHITE, J., concur.