THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS VINSON, Defendant-Appellee.

Fourth District    No. 4—88—0457

Opinion filed June 8, 1989.

34

James C. Dedman, State's Attorney, of Clinton (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE KNECHT delivered the opinion of the court:

A petition to rescind a statutory summary suspension was filed by defendant and was granted after hearing. (Ill. Rev. Stat. 1987, ch. 95½, pars. 2—118.1(a), (b).) The De Witt County circuit court held defendant did not refuse to submit to or complete the breathalyzer test where the State failed to provide an explanation of "deficient air sample." The State appeals the rescission, contending defendant's failure to produce a valid reading constituted a refusal to take the breathalyzer test. We agree and reverse.

On March 29, 1988, Clinton police officer Paul McCartney stopped the defendant after receiving and confirming a dispatch the defendant was driving a vehicle without a license. Officer McCartney testified at hearing he did not observe any unusual erratic driving behavior by the defendant, but the defendant stumbled when he exited the vehicle and smelled of alcohol.

At the request of Officer McCartney, the defendant gave him his driver's license, which was issued in Missouri. After running a check, Officer McCartney found the defendant's license was suspended in Illinois. Officer McCartney then asked the defendant to perform several field-sobriety tests: the walk and turn test, the one leg stand test, and the horizontal gaze nystagmus test. Officer McCartney testified it was his opinion the defendant failed the tests at that time and again at the police station.

Officer McCartney issued the defendant a citation for driving under the influence after he failed the field-sobriety tests at the police station. He then read the defendant the warning to motorists, handed him a copy to read, and asked him if he would take the breathalyzer test. The defendant said he understood the warning to motorists and verbally agreed to take the test.

The breath test was administered by Officer Jan Page of the Clinton police department. Officer Page did not testify at the hearing. Officer McCartney witnessed Officer Page administer the breathalyzer test to defendant. McCartney is not qualified to run a breathalyzer machine. Officer McCartney testified he observed the defendant was not blowing long and hard enough into the machine to complete the test. Four tests were administered to the defendant. The first result was a "0," and the second was labeled ".14 deficient air sample." No results were obtained from the final two tests. At this time it was determined the defendant failed to complete the test, and sworn reports to the circuit county of venue and the Secretary of State were filed as required by section 11—501.1 of the Illinois Vehicle Code. Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1

The trial court gave the following reasons for ruling the defendant completed the breathalyzer test: (1) defendant did take a breath test and there was a readout; (2) the State failed to explain the meaning of ".14 deficient air sample"; and (3) absent an explanation of such a reading the defendant's burden of proof was sustained. The sole question for review is whether the holding of the trial court was against the manifest weight of the evidence.

The defendant failed to file an appellate brief. The record is simple and the claimed errors are such that this court can easily decide them without the aid of the defendant's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Section 2—118.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1) lists the issues to which a statutory summary suspension hearing is limited. The fourth issue is relevant to this case: "whether the person *** did submit to and complete such test or tests which determined an alcohol concentration of 0.10 or more." Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)(4).

Because section 2—118.1 is civil in nature, the trial court must find by a preponderance of the evidence that grounds exist for a rescission of the summary suspension. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1.) The defendant has the burden of proof in a statutory summary suspension hearing. (*People v. Orth* (1988), 124 Ill. 2d 326, 338, 530 N.E.2d 210, 215.) In order to attack the suspension, the defendant must also attack the officer's sworn report. *People v. Blythe* (1987), 153 Ill. App. 3d 292, 298, 505 N.E.2d 402, 405.

The trial court ruled correctly the defendant had the burden of proof, but incorrectly found the defendant met this burden because a ".14 deficient air sample" reading was obtained from the machine. The defendant did not attack the accuracy of the breathalyzer results or the sworn report of the officer in this case. The trial court found the defendant met his burden of proof because the State failed to explain the ".14 deficient air sample" reading. This holding is clearly against the manifest weight of the evidence in light of our holding in *People v. Bates* (1987), 165 Ill. App. 3d 80, 518 N.E.2d 628.

In *Bates*, this court held a printout labeled ".17 deficient air sample" did not satisfy the defendant's burden of proof the test was completed. The defendant in *Bates* agreed to submit to the breathalyzer test, but failed to provide the machine with an adequate amount of air. Although a reading was obtained, we concluded the defendant completed the breathalyzer test unsuccessfully. This court held:

"As long as the machine is in proper working condition, and a

defendant is physically capable of taking the test, his failure to provide the breathalyzer machine with an adequate air sample has been treated as a sufficient basis for a determination that a defendant refused to take the test." *Bates*, 165 Ill. App. 3d at 82, 518 N.E.2d at 630.

In this case, the State presented evidence the defendant verbally agreed to take a breathalyzer test. The printout reported a blood-alcohol level of .14 that was labeled "deficient air sample." Under *Bates*, and absent a showing by the defendant that the test results were erroneous or unreliable, the deficient air sample reading alone is sufficient evidence the defendant refused to complete the breathalyzer test. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)(3).) Contrary to the trial court's holding, the State has no obligation to establish a foundation for the admission of test results at a statutory summary suspension hearing unless the motorist first establishes a *prima facie* case that the breath test did not disclose a blood-alcohol concentration of 0.10 or more, or that the test result did not accurately reflect his blood-alcohol concentration. No such *prima facie* case was made here, and the State had no obligation to further explain the meaning of the deficient air sample or establish any foundation. *People v. Marley* (1988), 176 Ill. App. 3d 401, 405, 531 N.E.2d 107, 110.

■ We find the order of the trial court granting defendant's petition to rescind the statutory summary suspension of his driver's license was against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of De Witt County is reversed and remanded for the entry of an order denying the petition to rescind.

Reversed and remanded.

McCULLOUGH, P.J., and GREEN, J., concur.