THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DENNIS M. HOLOHAN, Defendant-Appellant.

Fourth District   No. 4—89—0896

Opinion filed June 7, 1990.

Fellheimer, Travers & Engelman, Ltd., of Pontiac (Robert M. Travers, of counsel), for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant, Dennis Holohan, was arrested for driving under the influence of alcohol. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.) Defendant was admonished regarding the statutory summary suspension of his driver's license and was asked to perform a breathalyzer test to which he agreed. Shortly after agreeing to perform the test but before actually doing so, defendant posted bond in the amount of $100.

Because of his asthma condition, defendant was unable to blow a

sufficient amount of air into the breathalyzer despite his seven attempts to do so. The police officer then requested that defendant submit to a blood test to determine his blood-alcohol content, but defendant refused to do so.

The trial court determined that defendant's refusal to submit to the blood test justified the statutory summary suspension of his driver's license. Defendant appeals this decision, claiming that the police had no authority to administer the blood test after he had posted bond. Alternatively, defendant argues that he did not refuse to submit to a blood-alcohol test so as to trigger the statutory summary suspension. We disagree and affirm.

■■ The trial court found that defendant and the police officer agreed that after the defendant posted bond he would submit to a blood-alcohol test. As a result, defendant cannot now claim that the police had no authority to continue to hold him and to administer a blood-alcohol test after he posted bond. Indeed, we note that the trial court deemed this agreement between the officer and defendant regarding the posting of bond as a "courtesy" shown by the officer, given the circumstances then present.

■■ In addition, the trial court's finding that the defendant refused to submit to a blood-alcohol test was not contrary to the manifest weight of the evidence. When the police officer asked the defendant if he would submit to a blood test, he replied, "not now." We agree with the trial court that this refusal was sufficient to trigger the statutory summary suspension. A defendant's refusal to submit to a blood test after failing to give a proper breath sample warrants the suspension of his driver's license. *People v. Rhoades* (1989), 179 Ill. App. 3d 901, 903, 534 N.E.2d 1346, 1348.

Affirmed.

KNECHT, P.J., and McCULLOUGH, J., concur.