THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JERRY K. MYERS, Defendant-Appellee.

Third District   No. 3—84—0448

Opinion filed February 14, 1985.

Tony L. Brasel, State's Attorney, of Watseka (Dennis E. Both, Assistant State's Attorney, of counsel), for the People.

Frank J. Simutis, of Ackman, Marek, Boyd & Simutis, Ltd., of Watseka, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

> "Alice felt dreadfully puzzled. The Hatter's remarks seemed to her to have no sort of meaning in it, and yet it was certainly English." *Alice in Wonderland,* by Lewis Carroll

The appeal before us raises the question of whether a defendant may confound the enforcement of the law of this State by engaging in Hatter-like dialogue. Unlike Alice, we are not puzzled, and, consequently, we reverse the order of the circuit court.

The defendant, Jerry K. Myers, was arrested for driving under the influence of alcohol. The evidence introduced during the hearing demonstrated that in the early morning of March 20, 1984, the defendant was driving on Route 1 when he was stopped by Iroquois County deputy sheriff David Gronewald. Gronewald arrested the defendant for driving under the influence of alcohol and requested that the defendant submit to a breath analysis test. The defendant stated that he refused to refuse to take the test but also would not agree to take the test.

Gronewald then transported the defendant to the Iroquois County jail. At the jail, Gronewald again asked the defendant to submit to the breath analysis test. The defendant responded once more that he would not refuse to take the test but would not consent to it.

Deputy Gronewald then completed the necessary paperwork on the defendant's arrest. Approximately 15 minutes after the second request, Gronewald asked the defendant for the third time if he would submit to a breath analysis test. The defendant made no response at all to this final request.

At the conclusion of the evidence, the trial court found that Deputy Gronewald's repetition of the request to take the test prevented the defendant from refusing to submit to the test because the defendant was never certain when the final request to take the test would be issued. The court found that the defendant had not refused to take

the test and dismissed the implied consent hearing. The State appealed.

Our review of the proceedings below requires that we address two issues: (1) whether the defendant's responses to Deputy Gronewald constituted a refusal under section 11—501.1; and (2) whether the refusal was effective in light of Gronewald's multiple requests that the defendant submit to the test. We initially consider whether the defendant's "refusal to refuse but failure to consent" is a refusal under the implied consent statute.

Under section 11—501.1 of the Illinois Vehicle Code, any person who drives an automobile on Illinois highways is deemed to have consented to submit to tests to determine the alcohol level in his body if he is arrested for driving under the influence of alcohol. Refusal to submit to the test results in a suspension of the person's license to drive. Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.

Illinois courts have consistently held that section 11—501.1 should be liberally construed to accomplish its purpose of protecting the citizens of Illinois upon the highways. (*People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 503, 454 N.E.2d 1166, 1168.) Thus, the courts have found an effective refusal to submit to the test where the driver consents to the test but only feigns performance of the test (*People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459); where the driver is so intoxicated at the time she is requested to take the test that she later has no memory of the request (*People v. Solzak* (1984), 126 Ill. App. 3d 119, 466 N.E.2d 1201); and where the driver is requested to and refuses to submit to only one of the three methods of testing available under the statute (*People v. Kiss* (1984), 122 Ill. App. 3d 1056, 462 N.E.2d 546).

The defendant's attempt at Alice in Wonderland linguistics is absolutely unavailing. Section 11—501.1 imposed a choice upon the defendant. He was required to either consent to the test or refuse the test. His failure to comply with the testing requirement was a refusal under the statute to submit to a test, despite the defendant's verbal "refusal to refuse." A driver who fails to complete a test under the statute will be deemed to have refused to take it. (*People v. Frazier* (1984), 123 Ill. App. 3d 563, 463 N.E.2d 165; *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459.) We find, therefore, that the defendant refused to submit to the test each time Deputy Gronewald requested that he perform the test.

Having determined that the defendant did refuse to submit to a test under the statute, we must now consider whether that refusal was somehow voided by Deputy Gronewald's repeated requests.

A second purpose of the implied consent statute is to provide objective evidence of the offense of driving under the influence of alcohol. (*People v. Malloy* (1980), 83 Ill. App. 3d 344, 403 N.E.2d 1221.) Consistent with this purpose, a law enforcement officer may allow a driver to reconsider his refusal to submit to a test. (*People v. Frazier* (1984), 123 Ill. App. 3d 563, 463 N.E.2d 165.) However, a driver has no right to withdraw a refusal in order to subsequently consent to taking the test. *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459.

We find, therefore, that it was proper, although not mandatory, for Deputy Gronewald to allow the defendant to reconsider his refusal to submit to the test. Further, each time the defendant refused, he did so at the risk that Gronewald would not allow him the opportunity to reconsider. Because a driver has no right to withdraw a refusal, no prejudice resulted to the defendant when Gronewald exercised his option of allowing the defendant to reconsider. Gronewald's action in repeatedly requesting that the defendant submit to the test did not negate the defendant's refusal under section 11—501.1.

Accordingly, the judgment of the circuit court of Iroquois County is reversed and the cause remanded for further proceedings consistent with this decision.

Reversed and remanded.

HEIPLE, P.J., and STOUDER, J., concur.