NOTICE

Decision filed 04/16/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-09-0174

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) St. Clair County. |
| | ) |
| v. | ) No. 09-DT-167 |
| | ) |
| KAREN KEITHLEY, | ) Honorable |
| | ) Zina R. Cruse, |
| Defendant-Appellee. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

The People of the State of Illinois appeal the order entered by the circuit court of St. Clair County rescinding the summary suspension of the driving privileges of the defendant, Karen Keithley. For the reasons that follow, we reverse.

On February 1, 2009, the defendant was charged by complaint with improper lane usage (625 ILCS 5/11-709(a) (West 2008)), following too closely (625 ILCS 5/11-710 (West 2008)), and driving under the influence (625 ILCS 5/11-501(a) (West 2008)). On February 13, 2009, the defendant filed a motion to rescind her statutory summary suspension.

A hearing on the defendant's motion to rescind the statutory summary suspension was held on March 24, 2009. Sergeant Joshua Donovan testified that he had been a patrol sergeant with the Shiloh police department for more than nine years. Over his career, he had arrested a little more than 200 people for driving under the influence. Accordingly, he was familiar with the DUI laws in Illinois. He is also a certified Breathalyzer operator and a field-training officer.

On the night of the incident, he observed a large-cab pickup truck swerve across the

1

centerline and follow too closely to a vehicle in front of it. He effectuated a traffic stop and approached the vehicle. The defendant was in the vehicle with her husband. Sergeant Donovan observed that the defendant's eyes were red and glassy. He also observed a strong alcohol odor. The defendant said that she had swerved because she had been eating White Castle food. He asked her if she had consumed any alcoholic beverages, and she responded that she had not. At that point, Sergeant Donovan obtained her driver's license and insurance and took it to his patrol car. When he returned to the defendant's vehicle, he asked again whether she had consumed any alcoholic beverages, and she replied that she had not. He advised her that he could smell alcohol from her breath. He then asked her if she would submit to a field sobriety test. The defendant responded that she did not feel that she had done anything wrong and refused. He then asked her to step out of her vehicle and step to the back of the vehicle. The defendant told him that he "might as well take her to jail." Sergeant Donovan placed the defendant under arrest based on the strong odor of alcohol, slurred speech, and red glassy eyes.

At the police station, the defendant advised Sergeant Donovan that she needed to use the restroom, and he allowed her to do so. When she returned, she was placed in the holding room. Sergeant Donovan read the warnings to the defendant at 10:38 p.m. The defendant was adamant about her refusal to submit to a Breathalyzer test. The defendant remained in the holding room while Sergeant Donovan finished the requisite paperwork in the booking room. Sergeant Donovan admitted that he did not observe the defendant for 20 minutes prior to asking her to submit to testing and reading the warning-to-motorist form to her.

The defendant testified that she had told Sergeant Donovan that she had been reaching for a White Castle cheeseburger and that is why she had swerved. She recalled telling Sergeant Donovan that she would not submit to a sobriety test. She also testified that Sergeant Donovan did not observe her for 20 minutes prior to requesting that she submit to

2

a Breathalyzer test.

The court granted the defendant's motion to rescind the summary suspension on March 25, 2009, finding that there had been "no 20[-]minute observation before logging the defendant's refusal." The State filed a timely notice of appeal on April 17, 2009.

Generally, this court will not reverse a trial court's judgment on a motion to rescind a statutory summary suspension unless it is against the manifest weight of the evidence. *People v. Ewing*, 377 Ill. App. 3d 585, 597 (2007). Initially, the defendant has the burden of proof to demonstrate by a preponderance of the evidence a *prima facie* case for a rescission. *People v. Ehley*, 381 Ill. App. 3d 937, 943 (2008). If the defendant establishes a *prima facie* case, the burden then shifts to the State to present evidence justifying the suspension. *Ehley*, 381 Ill. App. 3d at 943. However, where the issue is one of statutory construction, this court will apply a *de novo* standard of review. *People v. Howard*, 228 Ill. 2d 428, 432 (2008). In the present case, because no issues of fact are presented, the issue is one of statutory construction that we will review *de novo*. The appellee did not file a brief in this matter, but since the appellant's brief and the record are sufficient to resolve this issue, we will consider this appeal pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

Section 11-501.1 of the Illinois Vehicle Code (the Code) (625 ILCS 5/11-501.1 (West 2008)) provides that any individual driving on an Illinois public highway who is arrested for driving under the influence of alcohol is deemed to have consented to chemical testing of blood, breath, or urine to determine the content of alcohol in his or her blood. A refusal to submit to a breath test will result in the statutory suspension of the defendant's driving privileges. 625 ILCS 5/11-501.1(c) (West 2008). Specifically, section 11-501.1 authorizes the summary suspension of a defendant's driver's license when that individual has been lawfully arrested for driving under the influence of alcohol and either (1) has refused to

3

submit to chemical testing to determine blood-alcohol content or (2) has submitted to and failed that testing. *People v. Hacker*, 388 Ill. App. 3d 346, 350 (2009).

The grounds upon which to rescind a statutory summary suspension are generally limited to the following: (1) whether the motorist was arrested for DUI, (2) whether the arresting officer had reasonable grounds to believe that the motorist was in physical control of a vehicle upon a highway while under the influence of alcohol, drugs, or both, (3) whether the motorist refused to submit to chemical testing after being advised that the refusal would result in a statutory suspension of driving privileges, and (4) whether the motorist submitted to chemical testing and had an alcohol concentration of 0.08 or more. 625 ILCS 5/2-118.1(b) (West 2008). A rescission may also be granted where the motorist has consented to and has taken a breath test but the breath test has not been performed in accordance with the "standards promulgated by the Department of State Police by *** [an] individual possessing a valid permit issued by that Department for this purpose." 625 ILCS 5/11-501.2(a)(1) (West 2008). The general sampling protocol promulgated by the Department of State Police (the Department) provides in pertinent part as follows:

> "**Section 1286.300  General Sampling Protocol**
>
> The arresting officer has discretion to determine whether a subject will be required to submit a breath, blood, and/or urine sample for testing.
>
> ***
>
> b) The arresting officer or BAO shall deem a subject who fails to submit to a requested test or additional testing to have refused testing." 20 Ill. Adm. Code §1286.300(b), amended at 31 Ill. Reg. 7319, eff. May 1, 2007.

The protocol for approved evidentiary instrument operation, promulgated by the Department, provides in pertinent part as follows:

> "**Section 1286.310  Approved Evidentiary Instrument Operation**

4

The following procedures shall be used to obtain a breath sample to determine a subject's BrAC with an approved evidentiary instrument:

a) Prior to obtaining a breath[-]analysis reading from a subject, the BAO or another agency employee shall continuously observe the subject for at least 20 minutes.

1) During the 20[-]minute observation period the subject shall be deprived of alcohol and foreign substances and shall not have vomited.

2) If the subject vomits during the observation (deprivation) period, the process shall be started over by having the individual rinse the oral cavity with water.

3) If the individual continues to vomit, alternate testing shall be considered." 20 Ill. Adm. Code §1286.310(a), amended at 28 Ill. Reg. 10038, eff. June 30, 2004.

The primary rule in construing a statute is to ascertain and give effect to the legislature's intent, which is best indicated by the statutory language itself. *People v. O'Connell*, 227 Ill. 2d 31, 36 (2007). The construction of an administrative rule or regulation also focuses on ascertaining and giving effect to the drafters' intent, which is determined by the language used in the regulation, given its plain and ordinary meaning. *People v. Oliver*, 387 Ill. App. 3d 1162, 1167 (2009). "[A] clearly written administrative rule must be applied 'as written' " and "should not be interpreted in a manner that produces 'decidedly absurd results' or attributes 'nonsensical intentions' to its drafters." *Oliver*, 387 Ill. App. 3d at 1167 (quoting *People v. Wilhelm*, 346 Ill. App. 3d 206, 208 (2004), and *People v. Hanna*, 207 Ill. 2d 486, 500-01 (2003)).

According to the plain language of section 1286.300 of Title 20 of the Illinois

Administrative Code, the arresting officer has the discretion to determine whether a person will be required to submit to breath-testing and shall deem a subject who fails to submit to a requested test to have refused testing. There is no requirement that an officer must wait any period of time before determining that a subject has refused to submit to testing. While section 1286.310 of Title 20 of the Illinois Administrative Code provides that a test cannot actually be performed until after the expiration of a 20-minute observation period, there is no requirement in that section that an officer must observe a subject for at least 20 minutes prior to requesting that he or she submit to testing. No time limit should be read into the regulations pertaining to when an officer may ask for consent for a breath test. *Oliver*, 387 Ill. App. 3d at 1167. This would lead to the absurd result that an officer must observe an arrestee for at least a 20-minute time period before he even requests that the subject submit to a breath test. This rationale would also lead to the absurd result that defendants would be able to raise as a basis for a rescission the argument that a motorist may not be deemed to have refused to submit to a breath test because the requested test does not comply with the promulgations where there was no 20-minute observation period prior to the officer's request for testing.

In a similar case, *People v. Fonner*, 385 Ill. App. 3d 531 (2008), the defendant refused to submit to a breath test and appealed the denial of his petition to rescind the summary suspension. On appeal the defendant asserted that he did not refuse to submit to testing because the test the police offered was not in compliance with the regulations promulgated under section 11-501.2 of the Code (625 ILCS 5/11-501.2 (West 2006)) because there had been no 20-minute observation period prior to the police officer requesting that he submit to a breath test. The State argued in response that the defendant could not raise noncompliance with the regulations applying to testing as a basis for a rescission because the defendant did not submit to testing. *Fonner*, 385 Ill. App. 3d at 541. Treating the issue as a case of first

6

impression, the appellate court held that in summary suspension proceedings, a defendant cannot raise a chemical test's potential noncompliance with section 11-501.2 as a basis for supporting his refusal to submit to testing. *Fonner*, 385 Ill. App. 3d at 544. Construing the plain language of section 11-501.2, the appellate court found that the statute does not provide that the admissibility of a refusal may be challenged on the basis that the defendant believed the offered test would be noncompliant with the standards of section 11-501.2(a) of the Code (625 ILCS 5/11-501.2(a) (West 2006)). *Fonner*, 385 Ill. App. 3d at 543. The appellate court further noted that the admissibility of test results is conditioned on compliance with section 11-501.2(a) and the regulations promulgated thereunder. Section 11-501.2(a) expressly addresses the circumstances where a person has taken a test. *Fonner*, 385 Ill. App. 3d at 542-43. Section 11-501.2(c) of the Code (625 ILCS 5/11-501.2(c) (West 2008)) addresses the refusal to take a test and does not place any conditions on the admissibility of the refusal. *Fonner*, 385 Ill. App. 3d at 543. A person is subject to a summary suspension if the person refuses to submit to testing (625 ILCS 5/11-501.1(d) (West 2008)), and section 11-501.2(c) does not place any conditions on the admissibility of the refusal. *Fonner*, 385 Ill. App. 3d at 543. The appellate court concluded that even if the person who refused the test could show that the proposed test would have been noncompliant if taken, the person has still refused the test and any potential noncompliance would not nullify the basis for the summary suspension. *Fonner*, 385 Ill. App. 3d at 543.

In the instant case, it is undisputed that the defendant refused to submit to testing from the outset. Therefore, section 11-501.2 does not even apply because there was no need for a 20-minute observation period before testing. Had the defendant submitted to testing, at that point a 20-minute observation period should have commenced prior to testing as promulgated by the Department. However, because the defendant refused to submit to testing, there was no requirement for a 20-minute observation period. The clear language of the promulgations

7

does not require officers to observe a subject for at least 20 minutes prior to requesting that the subject submit to testing, nor was that the intent of the drafters. The promulgations provide that after the subject has consented to testing, an officer must observe the subject for at least 20 minutes prior to obtaining the breath test, not prior to obtaining the subject's consent to submit to testing.

Accordingly, we reverse the judgment entered by the circuit court of St. Clair County rescinding the defendant's statutory summary suspension.

Reversed.

SPOMER and STEWART, JJ., concur.

NO. 5-09-0174

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellant, | ) | |
| v. | ) | No. 09-DT-167 |
| KAREN KEITHLEY, | ) | Honorable Zina R. Cruse, |
| Defendant-Appellee. | ) | Judge, presiding. |

**Opinion Filed**:      April 16, 2010

**Justices**:      Honorable Thomas M. Welch, J.,

                  Honorable Stephen L. Spomer, J.,
                  Honorable Bruce D. Stewart, J.,
                  Concur

**Attorneys for Appellant**      Hon. Robert Haida, State's Attorney, St. Clair County, 10 Public Square, Belleville, IL 62220; Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Rebecca E. McCormick, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

**Attorney for Appellee**      Ronald R. Duebbert, Attorney at Law, 23 Public Square, Suite 415, Belleville, IL 62220 (no brief filed)