955 N.E.2d 695 (2011)
353 Ill. Dec. 228
The PEOPLE of the State of Illinois, Plaintiff-Appellant,
v.
Glenn HARDEK, Defendant-Appellee.
No. 3-10-0561.
Appellate Court of Illinois, Third District.
August 30, 2011.
*696 Terry A. Mertel, Deputy Director, State's Attorneys Appellate Prosecutor, James Glasgow, State's Attorney, Laura E. DeMichael, State's Attorneys Appellate Prosecutor, Joliet, for People.
Joseph Bugos, Wheaton, for Glenn Hardek.

OPINION
Presiding Justice CARTER delivered the judgment of the court, with opinion.
¶ 1 The defendant, Glenn Hardek, was charged with driving under the influence (DUI) (625 ILCS 5/11-501(a)(2) (West 2010)) and several other violations of the Illinois Vehicle Code. After his driver's license was summarily suspended, he filed a petition to rescind the suspension, which the circuit court granted. On appeal, the State argues that the court erred when it granted the defendant's petition to rescind. We reverse.

¶ 2 FACTS
¶ 3 On April 25, 2010, the defendant was driving his vehicle in New Lenox, Illinois, when he struck a pedestrian, causing serious injuries. The defendant was arrested for driving under the influence after he failed field sobriety tests. A form used to warn drivers about the consequences of refusing to perform DUI tests contained a handwritten note, "I REFUSE TEST," and was signed by the defendant. The defendant's driver's license was summarily suspended in connection with the incident, and he filed a petition to rescind the statutory summary suspension.
¶ 4 On June 15, 2010, the circuit court held a hearing on the defendant's petition to rescind. Officer David Dileto testified that the defendant refused to consent to a breath test following the accident. Another officer transported the defendant to the police station, where Dileto met up with the defendant approximately three hours later. Dileto told the defendant that he would be transported to the hospital, where blood and urine testing would be performed against his will. When asked who made the request of the defendant at the hospital for blood and urine draws, Dileto stated, "[t]he hospital staff." The defendant completed the hospital's consent *697 form and consented to the testing. The samples were given to Dileto, who sent them to a laboratory for analysis.
¶ 5 On June 25, 2010, the circuit court granted the defendant's petition to rescind. In so ruling, the court found that the defendant refused a breath test at the police station, but police gave the defendant a second chance to consent to testing while at the hospital, to which the defendant agreed. The court stated, "I'm going to take this as a consent to the officer's request." The court also stated, "[a]nd they went with the officer draw rather than a hospital draw." The State appealed.

¶ 6 ANALYSIS
¶ 7 On appeal, the State argues that the circuit court erred when it granted the defendant's petition to rescind the statutory summary suspension of his driver's license. Specifically, the State argues that the court erred when it found that the police offered the defendant a second chance to consent to testing while at the hospital.
¶ 8 Initially, we note that the defendant has not filed an appellee's brief with this court. However, because we deem the record to be simple and because the issue raised can be easily decided without the aid of an appellee's brief, we will decide the issue on its merits. People v. Keithley, 399 Ill.App.3d 850, 853, 339 Ill. Dec. 758, 927 N.E.2d 299 (2010) (citing First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill.2d 128, 345 N.E.2d 493 (1976)).
¶ 9 In relevant part, section 11-501.1(a) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501.1(a) (West 2010)) mandates that any person who drives or has actual physical control of a motor vehicle on an Illinois public highway impliedly consents to chemical testing to determine the amount of alcohol in that person's blood if that person is arrested for DUI. If that person refuses to submit to such testing, his or her driver's license will be summarily suspended. 625 ILCS 5/11-501.1(d), (e) (West 2010).
¶ 10 In this case, the record does not support the circuit court's finding that the request for consent to testing at the hospital came from the police. Testimony elicited at the hearing revealed that the defendant refused to consent to a police request for testing and was told he would be taken to the hospital to undergo involuntary blood and urine draws. Although the testing at the hospital was done at the behest of the police, it was hospital staff that requested the defendant to sign a hospital consent form to perform the draws. He completed the form, and hospital staff performed the draws. There is no support for the circuit court's conclusion that the signing of a hospital consent form at the request of hospital staff is tantamount to the police giving the defendant a "second chance" to consent to testing. Cf. People v. Myers, 130 Ill.App.3d 681, 684, 86 Ill. Dec. 9, 474 N.E.2d 923 (1985); People v. Shaffer, 261 Ill.App.3d 304, 307, 199 Ill. Dec. 431, 634 N.E.2d 31 (1994). Thus, contrary to the special concurrence's position, the court's conclusion was against the manifest weight of the evidence.
¶ 11 For these reasons, we hold that the court erred when it rescinded the statutory summary suspension of the defendant's driver's license.

¶ 12 CONCLUSION
¶ 13 For the foregoing reasons, the judgment of the circuit court of Will County is reversed.
¶ 14 Reversed.
*698 Justice WRIGHT concurred in the judgment and opinion.
Justice SCHMIDT specially concurred, with opinion.
¶ 15 Justice SCHMIDT, specially concurring:
¶ 16 I concur in the result reached by the majority but not the analysis or, for that matter, the description of the facts.
¶ 17 The defendant was a driver in a personal injury motor vehicle accident. After the accident, he was taken to the police station, where he was offered a Breathalyzer test. He was given the warning of the consequences of a refusal. He refused. The police officer issued a refusal; defendant wrote on the form, "I refuse test" and signed underneath his statement.
¶ 18 Officer Dileto then advised defendant that he would be taken to the hospital and blood would be taken against his will. The officer transported defendant to the hospital where he again advised defendant that blood would be taken without his consent. Nurses came in with hospital consent forms, the defendant signed, and both blood and urine were taken from defendant without any fight. The trial court granted defendant's motion to rescind his summary suspension based on a conclusion that, while defendant refused a Breathalyzer test at the police station, the police offered defendant a second chance at the hospital and defendant consented at that time. This ruling is in error.
¶ 19 The involuntary draw of blood after refusal is authorized by section 11-501.2(c)(2) of the Illinois Vehicle Code (the Code). 625 ILCS 5/11-501.2(c)(2) (West 2010). This section provides:
"2. Notwithstanding any ability to refuse under this Code to submit to these tests or any ability to revoke the implied consent to these tests, if a law enforcement officer has probable cause to believe that a motor vehicle driven by or in actual physical control of a person under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof has caused the death or personal injury to another, that person shall submit, upon the request of a law enforcement officer, to a chemical test or tests of his or her blood, breath or urine for the purpose of determining the alcohol content thereof or the presence of any other drug or combination of both.
This provision does not affect the applicability of or imposition of driver's license sanctions under Section 11-501.1 of this Code." 625 ILCS 5/11-501.2(c)(2) (West 2010).
¶ 20 This section authorizes nonconsensual testing in DUI cases where the arrested motorist has caused death or bodily injury to another. DUI prosecutions and statutory summary suspensions operate independently from one another, and evidence collected through nonconsensual testing done under section 11-501.2(c)(2) may be used in DUI cases only. Section 11-501.2(c)(2) specifically provides that, "This provision does not affect the applicability of or imposition of driver's license sanctions under Section 11-501.1 of this Code." 625 ILCS 5/11-501.2(c)(2) (West 2010). What could be clearer?
¶ 21 The facts are straightforward. Defendant was involved in a personal injury accident. After the appropriate warnings, defendant refused a breath test. The police told him that they were going to take him to the hospital for an involuntary draw. They did. The defendant was provided with hospital consent forms, which he signed. Blood and urine were taken. The samples were given to the police. The statute is clear that the defendant's submission to the mandatory testing does not *699 affect the applicability of or imposition of driver's license sanctions (statutory summary suspension) under section 11-501.1 of the Code. That is, a defendant's submission to the testing after refusal does not affect or nullify his prior refusal.
¶ 22 The trial judge relied heavily on People v. Severson, 379 Ill.App.3d 699, 319 Ill.Dec. 140, 885 N.E.2d 411 (2008), in coming to his decision. I believe that Severson was wrongly decided. It has already been rejected by the Fourth District in People v. Ehley, 381 Ill.App.3d 937, 948, 320 Ill. Dec. 628, 887 N.E.2d 772 (2008). However, the Ehley court, while disagreeing with Severson, distinguished it.
¶ 23 In Severson, police encountered the defendant in a hospital emergency room after an accident. The police officer decided that the defendant was intoxicated and arrested him for DUI. He then requested that defendant submit to chemical testing of his blood to determine the level of alcohol or other drugs. The defendant was given the appropriate warnings and then refused the testing.
¶ 24 Police officers then advised Severson that under the circumstances, they could strap him down and physically take his blood. The Severson case does not discuss this, but it would seem the only "circumstances" to which the officer was referring were that someone other than the defendant was injured in the accident. The police asked if he would then submit to this testing "without a struggle." The police testified that defendant "agreed to that but he wanted [to note] that he still refused." (Internal quotation marks omitted.) Severson, 379 Ill.App.3d at 701, 319 Ill.Dec. 140, 885 N.E.2d 411. The trial court concluded that defendant had not refused to be tested and, therefore, rescinded the statutory summary suspension. The Second District affirmed. While acknowledging that defendant initially refused to submit to a blood test, the court, in essence, concluded that because the defendant would not physically resist the draw of his blood, he consented. Without any analysis, the court apparently concluded that this consent nullified the prior refusal. I respectfully submit that Severson has no support in either the Illinois Vehicle Code or case law interpreting it.
¶ 25 Illinois courts have consistently held that section 11-501.1 should be liberally construed to accomplish the purpose of protecting the citizens of Illinois upon the highways. Shaffer, 261 Ill.App.3d at 306, 199 Ill.Dec. 431, 634 N.E.2d 31. A refusal is a refusal. Once the driver refuses, he has no right to withdraw a refusal in order to subsequently consent to taking the test. Myers, 130 Ill.App.3d at 684, 86 Ill.Dec. 9, 474 N.E.2d 923. A refusal to submit to any one test constitutes a statutory refusal. People v. Cofer, 135 Ill. App.3d 283, 89 Ill.Dec. 800, 481 N.E.2d 351 (1985); People v. Kiss, 122 Ill.App.3d 1056, 78 Ill.Dec. 427, 462 N.E.2d 546 (1984). Therefore, even assuming, arguendo, that this was not an involuntary draw after refusal pursuant to section 11-501.2(c)(2), a consent after a refusal would not nullify the prior statutory refusal. To so rule would encourage intoxicated drivers to refuse the first test and then wait until they got to the hospital or sometime later and then consent to the test. This would obviously defeat the statutory purpose of protecting the motoring public. One might argue that if the police ask the driver to submit to the test after the driver has refused, then the police should have to live with the fact that a consent to a later request will nullify the prior statutory refusal. This argument is without merit for a couple of reasons. First of all, the statute is not designed to protect arresting police officers, except to the extent that they also constitute members of the motoring public. Second, there is no prejudice to a defendant from a request subsequent to a statutory refusal. By that, I mean *700 that if the driver again refuses, he cannot be issued a second statutory summary suspension, or a third, or a fourth, et cetera. A statutory refusal by a driver does not relieve the police of their duty to try to collect evidence.
¶ 26 In conclusion, I believe that this case is clearly controlled by section 11-501.2(c)(2). 625 ILCS 5/11-501.2(c)(2) (West 2010). I agree with the trial court that the testing at the hospital was done at the behest of the police (the hospital had no other reason to take blood and urine samples from defendant) and, therefore, also disagree with the majority's conclusion that the trial court's finding in that regard was unsupported by the record. Supra ¶ 10. However, the correct finding of fact by the trial court in that regard does not support its conclusion that the police were giving defendant a second chance, which nullified the prior refusal. The trial court erred when it rescinded the statutory summary suspension of defendant's driver's license. I therefore concur in the judgment.